# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 9, 2016     Decided December 6, 2016

No. 15-1338

UNITED STATES POSTAL SERVICE,
PETITIONER

v.

POSTAL REGULATORY COMMISSION,
RESPONDENT

GAMEFLY, INC.,
INTERVENOR

On Petition for Review of an Order of
the Postal Regulatory Commission

*David C. Belt*, Attorney, U.S. Postal Service, argued the cause for petitioner. *Stephan J. Boardman*, Chief Counsel, entered an appearance.

*Henry C. Whitaker*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Michael S. Raab*, Attorney, *David A. Trissell*, General Counsel, Postal Regulatory Commission, and *Christopher J. Laver*, and *Anne J. Siarnacki*, Deputy General Counsels.

Before: ROGERS and GRIFFITH, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

PER CURIAM:  Under the Postal Accountability and Enhancement Act, Pub. L. No. 109-435, 120 Stat. 3198 (2006), the rates charged by the United States Postal Service for its products are determined primarily according to their classification as either "market-dominant" or "competitive." Subject to conditions, a product is competitive unless "the Postal Service exercises sufficient market power that it can effectively set the price of such product substantially above costs, raise prices significantly, decrease quality, or decrease output, without risk of losing a significant level of business to other firms offering similar products."  39 U.S.C. § 3642(b)(1).  Market-dominant products are subject to rate regulation by the Postal Regulatory Commission, *id.* § 3622(a), which entails a price cap that cannot rise more than the rate of inflation in any year, *id.* § 3622(d)(1).  Competitive products are subject only to requirements that effectively set a price floor. *See* 39 U.S.C. § 3633(a).

In the instant case, the Postal Service petitions for review, contending the Commission's action denying its parcel reclassification request was arbitrary and capricious, *see* 5 U.S.C. § 706(2)(A), for failing to acknowledge, much less explain, its decision to depart from precedent granting similar requests.  It does not seek review of the denial of the request to transfer the "keys and identification devices" product to the competitive category.  We grant the petition.

**I.**

In 2011, the Commission approved the reclassification of commercial Standard Mail Parcels as competitive.  Order No. 689, *Order Conditionally Granting Request to Transfer*

*Commercial Standard Mail Parcels to the Competitive Product List*, Docket No. MC2010-36, at 20 (P.R.C. Mar. 2, 2011). It did so based largely on the Postal Service's estimate of its share of the under one-pound parcel market, which, when compared to the market shares of "formidable competitors" UPS and FedEx, "demonstrated that the ground shipping market is competitive." *Id.* at 14, 16. The Commission granted the request over opposition from the Parcel Shippers Association, *id.* at 10, and despite the Postal Service's inability to provide an estimate of the likely impact that a significant price increase would have on its market share, *id.* at 15.

One month later, the Commission approved the reclassification of commercial First-Class Mail Parcels as competitive. Order No. 710, *Order Adding Lightweight Commercial Parcels to the Competitive Product List*, Docket No. MC2011-22, at 11 (P.R.C. Apr. 6, 2011). In its request, the Postal Service had identified three different segments of the under one-pound parcel market (two-to-three day air; consolidator ground; and commercial carrier ground). *Id.* at 5. It acknowledged that it had captured most of the two-to-three day air segment, but estimated that its competitors' consolidator ground services made up about 33% of the total market, and commercial ground carriers made up about 20%. *Id.* at 5-6. Based on the Postal Service's own market share estimates of 44% (by volume) and 34% (by revenue), the Commission found "significant competition in the marketplace" and approved the request. *Id.* at 6, 11.

The following year, the Commission approved the reclassification of the single-piece Parcel Post product – a ground delivery service for parcels weighing one pound or more – as competitive. Order No. 1411, *Order Conditionally Granting Request to Transfer Parcel Post to the Competitive Product List*, Docket No. MC2012-13, at 14 (P.R.C. July 20,

2012). The Postal Service had estimated that this product captured only 17.6% of the ground package retail market, and 1.1% of the entire ground package market, despite its lower price than comparable UPS and FedEx products. *Id.* at 5. Based on these estimates, the Commission determined that "[t]he parcel delivery market is competitive," and that "UPS and FedEx are the dominant carriers, precluding the Postal Service from exercising" market power, *id.* at 6, and granted the request, *id*. at 14.

Subsequently, the Postal Service, in the instant case, sought reclassification of retail First-Class Mail Parcels as competitive. It again provided estimates of its market share: 7.2% of the entire parcels market, 7.9% of the 0-70 pound 2-3 day air and ground market, and 38.7% of the under-one pound 2-3 day air and ground market, and again identified the primary competitors as UPS and FedEx. As with the previous request to reclassify commercial Standard Mail Parcels, the Commission received comments opposing the request. This time the Commission denied the request because "the Postal Service has not presented adequate evidence, beyond mere assertions, sufficient to determine what market Single-Piece, First-Class Mail Parcels operates within." Order No. 2686, *Order Denying Transfer of First-Class Mail Parcels to the Competitive Product Category*, Docket No. MC2015-7, at 17-18 (P.R.C. Aug. 26, 2015).

**II.**

"The fact that the Commission has decided to change . . . the nature of the proof required of [the Postal Service] is not, in and of itself, objectionable," provided it has acknowledged the change and offered a reasoned explanation for it. *Hatch v. FERC*, 654 F.2d 825, 834 (D.C. Cir. 1981). If the change was acknowledged and explained in a prior order, then the Commission can satisfy its obligations by referencing that order.

*See Ramaprakash v. FAA*, 346 F.3d 1121, 1129 (D.C. Cir. 2003).

In the challenged order, the Commission neither acknowledged a change in course nor explained it.  And unlike in the round-trip mailer order, Order No. 2306, *Order Denying Request*, Docket No. MC2013-57, CP-2013-75 (P.R.C. Dec. 23, 2014), where the Commission performed a more rigorous analysis of market definition and power, *id.* at 13-54, there was no obvious reason to change course here.  In the round-trip mailer case, the Postal Service had acknowledged that no other shipping companies offered a comparable product, but it nevertheless contended that it lacked market power due to competition it faced from non-shipping alternatives.  *Id.* at 2.  Given this novel proposition, the Commission had to consider in depth whether to define the market to include alternative delivery methods such as internet streaming and DVD kiosks.  *See id.* at 19-20.  Order No. 2306 did not announce any overarching change in course by the Commission, either evidentiary or substantive.  To the contrary, it cited with approval parcel reclassification Order No. 689, *id.* at 46 n.32, 48, and it rejected the Postal Service's argument that it was imposing a new evidentiary burden, *id.* at 49 & n.34.

Consequently, "the Commission's duty to explain itself [was not] discharged by its fleeting reference to [the round-trip mailer order] since it [did] not contain announcement of a new standard and supporting rationale either."  *See Hatch*, 654 F.2d at 834; *see also Ramaprakash*, 346 F.3d at 1129.  Of course, the Commission is not required "to grapple with every last one of its precedents, no matter how distinguishable."  Resp't Br. 42 (quoting *Jicarilla Apache Nation v. U.S. Dep't of Interior*, 613 F.3d 1112, 1120 (D.C. Cir. 2010)).  But the previous parcel reclassification orders were relevant to the challenged order on parcel reclassification; it was the round-trip mailer order, in

which no other shipping service offered a competing product, that was the distinguishable outlier. Neither could the Commission fulfill its obligation to undertake reasoned decisionmaking by distinguishing precedent "simply by emphasizing the importance of considerations not previously contemplated," *id.* at 46-48 (quoting *Envtl. Action v. FERC*, 996 F.2d 401, 411-12 (D.C. Cir. 1993)), when the prior parcel reclassification orders did not involve "materially different situations." *Envtl. Action*, 996 F.2d at 411 (quoting *Hall v. McLaughlin*, 864 F.2d 868, 873 (D.C. Cir. 1989)). In Order No. 2686, the Commission was obliged to "forthrightly distinguish or outrightly reject" those orders. *See Hatch*, 654 F.2d at 834. Counsel's effort in its brief to provide a post hoc rationale for the Commission's order — *e.g.*, that the new standard is a reasonable interpretation of the statute and the earlier parcel-transfer cases had been superceded by a Commission order while the instant request was pending — cannot fill the void. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962) (citing *SEC v. Chenery*, 332 U.S. 194, 196 (1947)); *LePage's 2000, Inc. v. Postal Regulatory Comm'n*, 642 F.3d 225, 232 (D.C. Cir. 2011).

To the extent the Commission maintains any error was harmless, *see* 5 U.S.C.§ 706, because its denial was without prejudice, *see* Resp't Br. 53; *see also Zevallos v. Obama*, 793 F.3d 106, 115 (D.C. Cir. 2015), the burden on the Postal Service to show prejudice is not "a particularly onerous requirement," *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009). The Postal Service can refile its request, but it is unclear what evidentiary standard will apply. It is also not a foregone conclusion that the Commission would reach the same result on remand, *see Jicarillo*, 613 F.3d at 1121, and even if it does, its more fulsome explanation will guide the Postal Service's submissions in future cases.

In view of our conclusion, it is unnecessary to address the Postal Service's alternative contention that the Commission's failure to address the dissenting opinion was arbitrary and capricious. Accordingly, we grant the petition for review and remand the case to the Commission for further proceedings.